# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEEMAC LOGISTICS, LLC,<br><br>       Plaintiff<br><br>v.<br><br>VANGUARD LOGISTICS SERVICES (USA), INC.,<br><br>       Defendant | Case No. 2:25-cv-00231 |

**PLAINTIFF BEEMAC LOGISTICS, LLC'S MOTION TO REMAND**

Plaintiff Beemac Logistics, LLC ("Beemac Logistics") respectfully submits this Motion to Remand.

## I.   INTRODUCTION

1. On February 18, 2025, Vanguard removed Beemac Logistics' Complaint to this Court. *See* ECF No. 1.

2. In its Complaint, Beemac Logistics asserted claims for breach of contract, unjust enrichment, account stated, and fraud in the inducement arising out of Vanguard's failure to pay invoices issued between May 22, 2024 and September 13, 2024 for services provided to Vanguard on 21 occasions. ECF No. 1-1 ¶ 16. Those invoices total $60,395. *Id.* ¶ 17.

3. The Complaint does not contain a federal claim, and the amount in controversy does not exceed $75,000.

## II.   MOTION TO REMAND

4. For removal to be proper, this Court must have original jurisdiction to hear this case. 28 U.S.C. § 1441(a).

5. Vanguard asserts that "[f]ederal question jurisdiction exists in this dispute" solely on the ground that Beemac Logistics' claims are purportedly related to a separate action involving the parties pending in the U.S. District Court for the Southern District of New York, *Vanguard Logistics Services (USA), Inc. v. Beemac, Inc., et al.*, No. 1:24-cv-8527 (S.D.N.Y.) (the "New York Action").

6. Even if the pendency of a separate federal action in another district outside this Circuit had some bearing on the propriety of removal, which it does not, and even if Beemac Logistics' claims are related to the claims pending in the New York Action (which it disputes), "a defendant may not base a Section 1441(a) removal on the supplemental jurisdiction statute, Section 1367 of Title 28." Wright & Miller, 14C Federal Practice and Procedure § 3722, *Removal Based on Federal-Question Jurisdiction* (Rev. 4th ed. June 2024 Update).

7. Indeed, "an already-existing federal action cannot provide the mechanism for removal of a non-removable state court action." *NewCourtland v. Keystone Fire Protection Co.*, No. 21-cv-196, 2021 WL 308227, at *2 (E.D. Pa. Jan. 29, 2021); *see also Moe G. Enters., LLC v. Fontana*, No. 10-cv-1538, 2011 WL 98553, at *5 (W.D. Pa. Jan. 12, 2011); *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995).

8. Following these well-established authorities, Vanguard improperly removed this case to this Court.

9. Given that there was no objectively reasonable basis for removal, Beemac Logistics respectfully requests that costs, expenses, and attorneys' fees be awarded as provided in 28 U.S.C. § 1447(c). *See Moe G. Enters.*, 2011 WL 98553, at *7 (awarding costs and fees to non-removing party where defendants "failed to cite any authority" that the supplemental jurisdiction statute "provides an independent basis for removal jurisdiction").

10. Pursuant to Rule 1(a) of the Court's Standing Order and Procedures on Civil Motion Practice, on March 5, 2025, counsel for Beemac Logistics informed counsel for Vanguard of their intent to file this Motion and requested that they provide their position relative to the relief sought. Counsel for Vanguard did not respond, and Beemac Logistics therefore believes that Vanguard does not consent in the relief requested herein.

WHEREFORE, Plaintiff Beemac Logistics, LLC respectfully requests that the Court remand this action to the Beaver County Court of Common Pleas and enter an Order awarding Beemac Logistics the costs, expenses, and attorneys' fees it incurred in connection with this Motion.

Dated: March 6, 2025

Respectfully submitted,

/s/ *Daniel B. McLane*
**DUANE MORRIS LLP**
Daniel B. McLane (Pa. ID No. 77019)
Thomas E. Sanchez (Pa. ID No. 311199)
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 497-1036 (telephone)
(412) 497-1001 (facsimile)
dbmclane@duanemorris.com
tesanchez@duanemorris.com

*Attorneys for Plaintiff,*
*Beemac Logistics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2025, a true and correct copy of the foregoing Motion to Remand was filed with the Court via the Court's CM/ECF system, which will automatically send notice to all counsel of record.

/s/ *Daniel B. McLane*
Daniel B. McLane